UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL PATRICK SATHER,<br><br>                Petitioner,<br><br>v.<br><br>FIFTH DISTRICT, TWIN FALLS,<br>STATE OF IDAHO,<br><br>                Respondent. | Case No. 1:19-cv-00274-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Michael Patrick Sather is a Nebraska prisoner presently detained in the Diagnostic and Evaluation Center in Lincoln, Nebraska. Petitioner has filed a Petition for Writ of Habeas Corpus seeking an order instructing an Idaho state court to dismiss pending criminal charges. (Dkt. 1.) Because Petitioner is challenging ongoing state criminal proceedings, the Court construes the Petition as filed under 28 U.S.C. § 2241.

In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it appears to be subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Habeas Rule 4.

### REVIEW OF PETITION

**1.    Background**

In September 2015, in the Fifth Judicial District Court in Twin Falls County, Idaho, Petitioner was charged with burglary and theft by deception. *See State v. Sather*,

Twin Falls Cnty. Case No. CR42-15-11600, docket accessible at https://icourt.idaho.gov/. At that time, Petitioner was incarcerated in Iowa. (Pet., Dkt. 1, at 1-2.)

In October 2016, the Twin Falls County prosecutor lodged a detainer against Petitioner, in Iowa, pursuant to the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. § 2. The IAD is an interstate compact that "creates uniform procedures for lodging and executing a detainer by one State against a prisoner held in another." *United States v. Lualemaga*, 280 F.3d 1260, 1263 (9th Cir. 2002). According to Petitioner, he was not transported to Idaho to face the pending criminal charges within the 180-day period set forth in the IAD. (Dkt. 1 at 2-3.)

Petitioner's Iowa state sentence expired in May 2018. (*Id*. at 3.) At some point between May 2018 and the present, Petitioner became a Missouri state prisoner and then a Nebraska state prisoner. (*See id.* at 9; Dkt 11.) It is unclear whether Petitioner was transferred between prisons, or whether he was released in one state and later re-incarcerated in another.

Petitioner states that a second Idaho detainer was lodged against him in July 2018, which he refused to sign, "knowing that the original (IAD) was violated." (*Id*.) Petitioner filed a motion to dismiss in his Twin Falls County criminal case, and a hearing was held on that motion in October 2018. *See* Twin Falls County iCourt Database, Case No. CR42-15-11600, https://icourt.idaho.gov/, (accessed Sept. 10, 2019).

According to the iCourt Database, it appears that Petitioner's motions to dismiss remain pending in the Twin Falls County criminal case. *See id.* (showing additional

motions to dismiss filed on April 17 and 18, 2019.) A status conference in that case is scheduled for December 27, 2019. *Id.*

**2.      Discussion**

Petitioner asks that this Court order the Twin Falls County Court to dismiss the pending criminal charges against Petitioner based on alleged violations of the IAD and of his constitutional right to a speedy trial.[1] (Dkt. 1 at 6-7; Dkt 2.)

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-93 (1973). A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court.

As with all federal habeas corpus petitions, § 2241 claims that challenge detainers under the IAD must first be exhausted in state courts. *Id.*; *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980); *Cain v. Petrovsley,* 798 F.2d 1194, 1195 (8th Cir. 1986). The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of habeas petitions brought pursuant to 28 U.S.C. § 2254). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state

---

[1] Petitioner also seeks monetary damages. (Dkt. 1 at 6.) However, damages are not an available remedy in federal habeas corpus. *Sisk v. CSO Branch*, 974 F.2d 116, 117 (9th Cir. 1992).

courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id*. If the petitioner is not granted relief after exhausting all state court remedies through the highest state court, he may then file a petition for writ of habeas corpus in federal court.

"Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden*, 626 F.2d at 83. This exhaustion rule has a very limited exception with respect to pre-conviction habeas petitions. A federal district court may issue a pretrial writ under § 2241 without a showing of exhaustion of state remedies only if a petitioner can show that "special circumstances" warrant federal intervention. *Id*. at 83-84. For example, special circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F. Supp. 102, 105 (S.D.N.Y. 1963). Such supervision "would erase the exhaustion principle from among the canons of habeas corpus adjudication." *Id*. While alleged constitutional violations are of utmost concern, federal courts are mindful that the state courts must be given the first opportunity to correct such violations, in order to preserve the principles of comity and federalism. If a defendant is seeking to "derail a pending

state criminal proceeding, and … may be acquitted at trial," it is appropriate for a federal district court to postpone adjudication of the petitioner's constitutional claims "until a time when federal jurisdiction will not seriously disrupt state judicial processes." *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (internal quotation marks omitted).

The instant Petition does not establish special circumstances that would warrant pretrial habeas relief. Plaintiff clearly has had the opportunity to raise his IAD claim before the state court—he has filed more than one motion to dismiss the charges in the Twin Falls County Court. That court apparently has not yet ruled on those motions, and, even if it has, no Idaho appellate court has yet addressed the IAD issue. Therefore, in the absence of special circumstances, it appears appropriate to enforce the exhaustion requirement.

Petitioner may file an amended § 2241 petition within 28 days after entry of this Order, setting forth any reason why he is excused from the exhaustion requirement. Because Petitioner is no longer in the custody of the State of Iowa, the amended petition must explain Petitioner's incarceration in Nebraska. Petitioner must also explain, in detail, the current status of his pending Twin Falls County criminal charges, including as they relate to Petitioner's Nebraska incarceration—that is, whether and when a detainer was lodged against Petitioner in Nebraska. Finally, the amended petition must name an appropriate respondent—in this case, the Twin Falls County prosecutor. *See Dunlap v. 230th Dist. Court, Harris Cty., Houston, Tex.*, 701 F. Supp. 752, 752–53 (D. Nev. 1988) ("[T]he petitioner must name the District Attorney of Harris County as respondent. It is

he who has placed the allegedly illegal detainer on the petitioner, and it is his actions which give this Court jurisdiction over the Texas agency.").

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Dismiss with Prejudice his pending Twin Falls County criminal case (Dkt. 2) is DENIED.

2. Petitioner's Motion for a Temporary Restraining Order (Dkt. 15) is DENIED.

3. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. If Petitioner does not file an amended petition, or if the amended petition does not establish special circumstances that warrant a pretrial writ, this case may be dismissed without further notice.

4. Because not all named parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, this case is REASSIGNED to a United States District Judge.

DATED: October 29, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge